Otie Murrell HOPKINS, Plaintiff in Error,

v.

W. E. STODDARD, Defendant in .Error.

No. 36952.

Supreme Court of Oklahoma.

Sept. 25, 1956.

Pierce, Mock & Duncan, and Calvin W. Hendrickson, Oklahoma City, for plaintiff in error.

Charles Hill Johns, Wilbert G. Smith, Oklahoma City, for defendant in error.

DAVISON, Justice.

W. E. Stoddard, as plaintiff, brought this action against defendant, Otie Murrell Hopkins, to recover damages for personal injuries resulting from an automobile accident. After a jury had rendered a verdict

for defendant, the trial court sustained plaintiff's motion for a new trial, and defendant appeals. We will continue to refer to the parties as they appeared in the trial court.

The litigation involved the plaintiff as a pedestrian and the defendant as the driver of an automobile. The facts leading up to the accident are not important to or decisive of this appeal.

Plaintiff's petition set forth two theories of liability, namely, deliberate acts on the part of the defendant and also negligent acts on the part of defendant in connection with the accident. The defendant filed a motion to require the defendant to elect as between his theories which resulted in the defendant filing an amended petition in which he set forth two separate causes of action, the first one based upon deliberate conduct and the second based upon negligent conduct. Defendant filed a motion to this amended petition to require the plaintiff to elect between his causes of action. This motion was denied and defendant allowed an exception.

On the day of trial, and before the beginning of the trial, the plaintiff, in open court, on his own motion, filed a pleading with the deputy court clerk, the pertinent part of which, after omitting the caption, reads, as follows:

"Election of Plaintiff

"That plaintiff elects to proceed to trial in this cause upon the cause of action denominated 'Second Cause of Action' in his first amended petition, eliminating from this cause all allegations concerning alleged deliberate and malicious conduct on the part of defendant, but standing upon plaintiff's allegations of carelessness and negligence, all as set forth in said Second Cause of Action."

During the argument before the jury defendants attorney, over the objection of plaintiff, read a part of plaintiffs amended petition which pertained to the allegations of the deliberate and malicious acts on the part of defendant. Defendants counsel also at this point, over the objections of plaintiff, argued from certain testimony of plaintiff as to the deliberate and malicious acts on the part of defendant, which testimony was contained in a deposition taken by defendant prior to the trial. The objections to this line of argument was to the effect that such argument was improper and prejudicial since after the filing of the pleading in which plaintiff elected to eliminate such allegations from the amended petition the question of malice was no longer an issue in the case. The court overruled the objections and permitted such argument but it was stipulated by counsel for both plaintiff and defendant, with the approval of the court, that further argument could be made on such objections at the conclusion of the argument to the jury.

After the verdict was returned the court had an extensive hearing on the question of its proper ruling on the objections referred to in the above paragraph and at the conclusion of this hearing the court stated to plaintiff's attorney, "I presume that you will file a motion for a new trial, at this time, right now, I am with you, but I am not going to say that I am going to rule for you. I will hear each side as thoroughly as you want to present it if you file such a motion." Thereafter the plaintiff filed his motion for a new trial and a new trial was granted by the court.

Defendant's contention is that the trial court erred in sustaining the motion for a new trial because: (a) "Plaintiff did not abandon any portion of his petition by filing an 'election' and (b) defendant was within the rule of reasonable inference in *refering* to first cause of action in petition, in his argument."

Counsel for defendant contends that he had a right to comment on plaintiff's amended petition in its entirety, without having admitted it in evidence, under the view that it had not been abandoned by plaintiff. That the filing of the election in open court with the deputy court clerk and not in the office of the District Court Clerk and with-

out a formal order by the trial court giving plaintiff leave to amend or change his position was insufficient to abandon the allegation of malice.

 We are of the opinion that the filing of the "election of plaintiff" which was shown to have been filed with the deputy court clerk in open court and endorsed by the deputy court clerk as having been filed at that time was a sufficient filing of the instrument. Such a filing is not in violation of any statutory provision.

Defendant further asserts that regardless of the question of abandonment of plaintiff's first cause of action he had the right to comment to the jury on plaintiff's petition in its entirety from the standpoint that by commenting on the first cause of action defendant was within the rule of reasonable inference in explaining plaintiff's contradiction. The trial court evidently thought otherwise and by granting the new trial presumably came to the conclusion that such argument was prejudicial to the right of the plaintiff. We are of the opinion that the trial court did not abuse its discretion in so holding.

Plaintiff tried his case solely on the theory of negligence of the defendant. Any argument that plaintiff had originally pled malice, without offering to prove malice, could have caused the trial court to come to the belief that such argument might have inflamed the minds of the jury, to the prejudice of the right of plaintiff.

This court has continuously and without exception followed the rule that a motion for a new trial is addressed to the sound legal discretion of the trial court, and that this court will indulge every presumption in favor of the ruling of the trial court sustaining such motion, and that such an order will not be disturbed on appeal unless the record clearly shows that the court erred in a pure and unmixed question of law, or acted arbitrarily or capriciously. Y & Y Cab Co. v. Ford, 207 Okl. 663, 252 P.2d 430 and many other cases.

A discussion of the evidence would not serve any useful purpose.

We are of the opinion that the trial court did not abuse its discretion in granting the motion for a new trial, and we so hold.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.