## MEAD et al. v. SNAPP.

No. 26946. April 27, 1937.

Rehearing Denied June 8, 1937.

Hudson & Hudson and Pierce, Follens & Rucker, for plaintiffs in error.

Yancey, Spillers & Brown, for defendant in error.

CORN, J. We shall refer to the parties as plaintiff and defendants, in the order in which they appeared in the district court.

An action was brought by N. J. Snapp for damages for personal injuries against three defendants, in the amount of $25,000. It arose out of an auto-truck collision in which plaintiff was a passenger in a truck driven by the defendant Renbarger which had a collision with a car driven by Homer E. Mead, an agent of Mead Brothers, Inc. Plaintiff's petition alleged negligence against both drivers, and each driver denied the charge of his respective negligence. Evidence was introduced by all parties at the trial, and the cause submitted to a jury, which returned a unanimous verdict in favor of the plaintiff against all defendants for $200. Plaintiff filed a motion for new trial and assigned as error:

"(1) Error of law occurring at the trial, and excepted to by the plaintiff.

"(2) The verdict of the jury is contrary to the evidence, contrary to law, and not supported by the evidence.

"(3) The court erred in giving instruction No. 12, to which the plaintiff excepted.

"(4) The court erred in giving instruction No. 13, to which the plaintiff excepted.

"(5) The verdict of the jury was the result of passion and prejudice of the jury."

At the hearing on the motion, the trial court ordered a new trial upon what the trial judge referred to as conduct of counsel in the argument of the cause before the jury. No record was made of the argument of counsel to the jury. The only information in the record about it is found in the statement of the court at the time of the argument of the motion for new trial, which is as follows:

"The Court: As the court remembers this proposition that arose during the argument of counsel, Judge Hudson said that they did not know how bad this man was hurt; that they didn't have an opportunity to examine him. Then Mr. Spillers got up and made some objection about the matter, and Judge Hudson at that time volunteered to—wanted to have the examination made at that time—he either did that at that moment, or in Mr. Spillers' argument—I am not sure—no, it was made during Mr. Spillers' argument, if I remember correctly. I know at that time the court got the distinct impression a demand had been made of Mr. Spillers for the examination of plaintiff, and it had been denied. I think the jury—I am of the opinion that the jury got the same idea. Now, counsel seem to differ on that question. It might have been

—do you suppose you could have asked Miss Calkin rather than Mr. Spillers about that matter; you think it was Mr. Spillers himself? Mr. Rucker: During this trial? The Court: Yes. Mr. Rucker: Well, it was Mr. Spillers; Miss Calkin wasn't here. The Court: I thought she was here part of the time. Mr. Rucker: She wasn't here at that time. The Court: Mr. Spillers says he never did deny the defendants the right to examine the plaintiff. Well, there might be an honest disagreement between counsel on that question. I think that the plaintiff was prejudiced—his interests and rights were prejudiced by virtue of what took place during the trial of the case. I think that probably his counsel is partly at fault in the matter for the situation having arisen like it did. But with the liability having been fixed upon the defendants in this case, which unquestionably was right, according to the facts in evidence, this man was a passenger, and the evidence seemed to indicate that both the drivers—the drivers of each automobile were at fault, that judgment against both of them was proper, and the question, of course, resolves itself into what the injuries to the plaintiff were. The jury unquestionably took the view, in the light of all the facts and circumstances, that he did not want to submit himself to a physical examination. For that reason he wasn't hurt as bad as he was trying to make out to them that he was hurt. I recognize the fact, gentlemen, that a new trial is not granted for the smallness of the verdict; and I am not granting a new trial here directly for the smallness of the verdict; but I will grant a new trial on the theory—I might be in error, about it, but I just think that this matter that arose during the argument seriously prejudiced the rights of the plaintiff as to the amount of his recovery; and that he did not have a fair trial in that respect; so I will grant a new trial on that ground. And it is solely for no other reason. I want the record strictly to show, gentlemen, that it is on that ground, and that ground alone; that there is no error in the instructions; that I am not granting it on that ground, or anything except that one, sole question. If I have made any other errors why I don't believe that anybody is entitled to any benefit from them."

The defendants state in their brief:

"There is but one assignment or specification of error urged in this appeal by plaintiffs in error herein, defendants below, to wit: That the trial court committed error as a matter of law in sustaining plaintiff's motion for new trial, for the reason that it erred in deciding a pure, simple and unmixed question of law."

They follow with citation of a long line of authorities holding that the erroneous granting of a new trial by the trial court involving solely a question of law will be reversed by this court on appeal.

In A. & A. Taxicab Co., Inc., v. McCain, 179 Okla. 492, 66 P. (2d) 17, this court held:

"The Supreme Court will not reverse the ruling of the trial court granting a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made. The Supreme Court will very seldom and very reluctantly reverse the decision or order of the trial court which grants a new trial."

The trial court well knew that there was a statutory inhibition against granting a new trial because of the smallness of the verdict, and the record definitely discloses that such was not the basis for its decision. It was placed squarely upon the ground that the remarks of counsel had prejudiced the plaintiff's case, and he did not have a fair trial.

Judgment of trial court affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and HURST, JJ., concur.