## BLACK GOLD PETROLEUM CO. v. WEBB, Adm'r.

*99 P. 2d 868.*

No. 29167.   Feb. 6, 1940.

Rehearing Denied Feb. 27, 1940.

J. Forrest McCutcheon, of Oklahoma City, for plaintiff in error.

Claud Briggs and John Morrison, both of Oklahoma City, for defendant in error.

GIBSON, J. This is an action by an administrator to recover damages for the wrongful death of his intestate. Judgment was for plaintiff, and the defendant has appealed.

The deceased while in the employ of defendant received an injury which allegedly resulted in his death. The injury, it is charged, was the direct result of defective tools negligently furnished by defendant to the deceased in the course of his employment.

Defendant says the trial court erred in not sustaining its motion or request for a mistrial. The request was predicated upon the alleged action of plaintiff's counsel in deliberately injecting into the case in the presence of the jury the question of defendant's liability insurance. Yoast v. Sims, 122 Okla. 200, 253 P. 504; Bratten v. White, 181 Okla. 543, 75 P. 2d 474.

Where plaintiff's reference to liability insurance in such case is irrelevant or wholly unnecessary to proper trial of the cause a mistrial is usually in order. Beatrice Creamery Co. v. Goldman, 175 Okla. 300, 52 P. 2d 1033. But the declarations of counsel and witness here complained of clearly did not refer to that character of insurance held to be unmentionable in such case. The reference was to workmen's compensation insurance. The deceased lived for some time after the accident, and counsel sought to prove payment of compensation in the interim as an element in establishing the fact of injury.

But, regardless of the competency or incompetency of that evidence, it was not such a reference to insurance as would be prejudicial to defendant's rights in the mind of the jury. It was not insurance that would indemnify defendant for the damages here sought to be recovered; and we find nothing in the statements that would lead the ordinary man to form a contrary belief.

The character of insurance that may not be referred to in cases such as this is usually of that type known as public liability; the kind that purports to indemnify against damages that may be recovered in the ordinary common-law action. There was no reference to such insurance in this case. Therefore no error occurred in denying a mistrial on the grounds advanced by defendant.

It is charged that the acts of defendant were not the proximate cause of decedent's death.

The evidence is that deceased received a back injury while using a defective chain tong in the construction of a pipe line for defendant. His physical condition thereafter became such that an exploratory operation was necessary to determine the nature of his trouble. It was found that his appendix was located on his left side and adhered in an unnatural fashion to the back wall of the peritoneal cavity, which condition was termed by medical witnesses as a congenital anomaly. It was the opinion of these experts that the aforesaid injury to the back had pulled loose some of these abnormal adhesions, resulting in infection that caused the death.

Defendant says the evidence is insufficient to establish causal connection between the alleged negligence and the death. It is here asserted that the injury was possible only because of decedent's pre-existing abnormal condition, and that in such case proof that the employer was aware of said condition is a legal requisite to connecting the alleged negligence with the injury (39 C. J. 282, sec. 408).

Defendant requested and obtained an instruction embodying the precise statement of law as here contended for. Evidently the jury thought there was evidence to show that defendant was aware of deceased's peculiar physical condition; they decided even in the face of the aforesaid instruction that the defendant was negligent. Defendant now says the evidence will not support the jury's findings in this regard.

But the instruction did not correctly state the law. A review of the evidence pertaining to defendant's knowledge of the physical infirmity is not necessary. One whose negligent act results in personal injury to another is liable therefor though the consequences of the act prove more injurious than would ordinarily be anticipated. 45 C. J. 918, § 484. If the full consequences attributable to the negligent act were the natural and probable result thereof, the negligent party may be liable though the consequences aforesaid may not have been specifically contemplated. Id. If the dangerous tool in the instant case was dangerous in the hands of decedent merely because of his particular physical condition, then perhaps it might be said that the rule stated in the instruction was correct, and it may be that the defendant, to be liable, would have to be aware of the aforesaid physical condition. But we are not required to state an opinion on that question. Here there was first an injury to decedent's back caused by a tool shown to be defective. There is evidence that the original injury would have taken place regardless of any latent physical infirmity. The question is merely whether the original injury was reasonably to be anticipated as a result of using a defective tool. The ultimate result of that injury need not be specifically foreseeable by the negligent party in order to render him liable in damages therefor. As stated in Corpus Juris, above, "it is sufficient that the consequence attributable to the negligent act or omission was the natural and probable result thereof, although it might not have been specifically contemplated or anticipated." In such case the defendant is none the less liable merely because his negligent act aggravated an existing physical infirmity in the injured party, thus resulting in more serious consequences than would have been the case had such infirmity not existed. If defendant is to be held blameless for the ultimate damages, he must show that the result would have been the same in the absence of his negligent act. In the instant case the terminal or actual cause of death was infection. This condition was brought about by the original injury, but probably would not have occurred had the appendix been located in its normal position. But it is not certain that the fatal condition would have ensued regardless of the original injury. There is evidence here that the original injury caused by the act of defendant at least concurred with the decedent's physical infirmity and hastened the death. That is sufficient to support

the verdict in this case. See annotation 79 A. L. R. 351.

We find no error prejudicial to the rights of defendant, and therefore affirm the judgment.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and CORN, JJ., concur.