### Y & Y CAB CO. v. FORD.

No. 35288.   Jan. 10, 1953.

*252 P. 2d 430.*

Goodson & White, Oklahoma City, for plaintiff in error.

Paul Pugh and Francis G. Morgan, Oklahoma City, for defendant in error.

CORN, J.  This is an appeal by the Y & Y Cab Company from a judgment of the trial court sustaining a motion for a new trial.

The plaintiff alleged in her petition that, while she was a fare-paying passenger in one of defendant's cabs, from her home to the Leonhardt Building in Oklahoma City, in alighting from the cab, she fell and sustained severe and permanent personal injuries as a result of the negligence of the defendant as follows:

"1. In that, although the plaintiff was infirm and crippled, the driver of said cab failed and neglected to aid and assist her in alighting from the cab.

"2. In that he stopped the cab and discharged her at a place where the pavement was rough, irregular and full of holes."

The answer of the defendant admits that plaintiff was a passenger as alleged. It further admits "that on said day and date its driver was aware of the fact that plaintiff appeared to be lame or crippled at the time she was a passenger in said taxicab."

At the conclusion of plaintiff's evidence, the trial court sustained the demurrer of the defendant to the evidence. The plaintiff, in due time, filed a motion for a new trial which was sustained for the following reason:

"Thereafter and on April 12, 1951, came on for hearing plaintiff's motion for new trial and both of the parties appearing by their respective counsel and the court being fully advised and upon consideration thereof finds that its sustaining of defendant's demurrer to the evidence as aforesaid was error in view of the fact that defendant in its answer admitted the allegations contained in paragraph 1 and 2 of plaintiff petition and did further admit that it was aware of the fact that plaintiff appeared to be lame or crippled when she was a passenger in said taxicab and that by virtue thereof, plaintiff's said motion for new trial should be sustained."

13 O.S. 1941 §32 provides as follows:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose and must exercise to that end a reasonable degree of skill."

In the case of Thompson v. Norwood, 189 Okla. 360, 117 P. 2d 791, we held:

"A motion for new trial is addressed to the sound legal discretion of the trial court, and this court will indulge every presumption in favor of the correctness of the ruling of the trial judge sustain-ing such motion, and such an order will not be disturbed on appeal unless the record shows clearly that the court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously."

It would serve no useful purpose to engage in a discussion of the evidence, and we will not do so, as the case will have to be retried. We are of the opinion that the trial court did not err in sustaining the motion for a new trial; that under the pleadings and facts this case should have been submitted to the jury, under proper instructions by the court, for its determination.

Judgment affirmed.

ARNOLD, C.J., HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, O'-NEAL, and BINGAMAN, JJ., concur.