Alma B. FITTS, Appellee,

v.

STANDARD LIFE AND ACCIDENT INSURANCE CO., Appellant.

No. 45203.

Supreme Court of Oklahoma.

May 14, 1974.

verdict for appellant based upon purported improper closing argument by counsel.

The case involved suit on two hospital insurance policies which contained special accidental death benefits. Appellee contends that statements by defense counsel concerning misrepresentation in application for insurance made by decedent during closing argument were improper because the defense of misrepresentation was not plead and was not properly brought before the court. Appellees contend that such improper statements in closing argument were grounds upon which the trial court could grant a new trial. We agree.

Clement B. Fitts (Fitts) was found dead at the scene of an accident on September 25, 1969, while returning from Seattle to the town of Forks, Washington, on the Olympic Peninsula. His widow as beneficiary, then brought suit at Madill, Oklahoma, on two insurance policies, which are the subject matter of this law suit.

Each policy contained a special accidental death feature. An accidental death benefit of $5,000.00 on one of the policies was payable if the insured sustained accidental bodily injury as a direct result of a collision of an automobile and if death resulted within sixty days from the date of the collision, independently of all other causes. The policy contained an exclusion for any loss contributed to or caused by the use of intoxicants.

The other policy had a $2,000.00 accidental death feature. It also excluded any loss contributed to or caused by the use of intoxicants. Coverage was provided only if death resulted "independently of all other causes." It expressly excepted death resulting from bodily infirmities or disease in any form.

The applications for the policies contained questions as to whether applicant suffered from respiratory disease. Decedent answered these negatively although he had a history of emphysema and had suffered from heart disease. Alcohol had been prescribed therapeutically for treatment of emphysema, although the proof

Dan Little, Prudence M. Little, Little, Little & Little, Madill, for appellee.

John A. Johnson, Oklahoma City, for appellant.

HODGES, Justice.

This is an appeal from a motion granting a new trial after the jury returned a

was that Fitts drank considerably more than was prescribed.

The evidence was disputed as to whether Fitts suffered a heart attach which caused the accident, or whether the trauma suffered in the accident caused a thrombosis which resulted in his death.

The jury after deliberating requested and received the policies with the application attached. Shortly thereafter it returned a verdict for Standard.

The trial court after taking the motion for new trial under advisement, sustained the motion.

Standard asserts that because appellee conceded that Fitts suffered a heart attack at the time of the accident, he was entitled to a directed verdict and that the jury was therefore not entitled to determine the case.

Although disputed, facts to support a verdict for appellee were presented. This evidence showed that Fitts' pickup drifted off the road, that he consciously and willfully, while still alive, steered it for over seven hundred feet before hitting an obstacle which caused the pickup to overturn and land on his chest. It was admitted by appellee that Fitts suffered a coronary occlusion, but evidence was presented to the effect that the occlusion could have been the result of the accident. Evidence was also presented to show that decedent would have been killed in the accident regardless of the heart attack.

 In a law action, a motion for directed verdict admits all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions that may reasonably and logically be drawn therefrom. Federal Life Ins. Co. v. Firestone, 159 Okl. 228, 15 P.2d 141 (1932). The trial court did not err in submitting the cause to the jury.

Standard's next allegation of error is that the alleged misconduct of counsel in closing argument was not improper.

The pleadings in the case reflect that the defenses of fraud and misrepresentation by decedent in procuring the issuance of the policies were not raised. In closing argument counsel for Standard attacked the application and asked the jury, "Do you suppose the insurance company would have issued these contracts at all if it had been told the truth?" Counsel argued he was referring to the policy applications to reflect the condition of the man and not as a defense to the action. The argument was objected to on two occasions. The reason given for the objections was that the defenses of fraud and misrepresentation were not plead and the statute of limitation had run. The trial court refused to strike the argument although the objections and reasons therefore, were clearly adequate to advise the court and opposing counsel of the alleged error. This was the basis for the trial court granting a new trial.

 The physical condition of the deceased at the time he applied for the insurance policies was of no consequence at the time of trial, since the defenses of fraud and misrepresentation were not plead and the statute of limitations had run. We, therefore, find that the remarks of counsel in this regard were improper.

 Standard also asserts that although opposing counsel objected to the argument he did not except to the court's ruling nor did he move for a mistrial. It is contended by Standard that appellee has therefore waived the objection and elected to take his chances with the jury based on Bateman v. Glenn, 459 P.2d 854 (Okl.1969). In Bateman, closing argument was not transcribed and shown in the record. It also required that objection be made and exception taken.

This area of the law has been confusing because as a general rule the cases have failed to recognize the language of the statute. In Chicago, Rock Island and Pacific Railroad Company v. Hawes, 424 P. 2d 6, 7 (Okl.1967) the court in its syllabus held:

"This court cannot review the question of alleged misconduct of counsel for plaintiff in argument to the jury unless an objection is seasonably made and exceptions properly taken."

In most jurisdictions, questions of error with respect to argument of counsel must be raised and reserved by an objection. A request for appropriate corrective action where such action is possible and where the practice so dictates requires an exception to the court's ruling, action or inaction. 5 Am.Jur.2d, Appeal and Error, § 625 p. 84.

However, we find 12 O.S.1971 § 630 eliminated the necessity for an attorney to register an exception to a court's ruling.

The cases which hold otherwise have their genesis in cases decided long prior to the enactment of the statute. These were based on practice and custom rather than any statutory enactment.

The controlling statute, 12 O.S.1971 § 630, which was enacted in 1951 provides:

"Formal exceptions to rulings or orders of the Court shall not be necessary; but for all purposes for which an exception has heretofore been necessary at the trial of a cause it shall be sufficient that a party, at the time the ruling or order of the Court is made or sought, makes known to the Court the action which he desires the Court to take or his objection to the action of the Court and his grounds therefor."

■ It is clear under the statute that formal exceptions are not necessary where (1) the party at the time of the ruling or order makes known the action which he desires the court to take or (2) states his objection to the court and his grounds therefor.

We recognize that some cases have misinterpreted the statute and held that objections and exceptions are required. To the extent these cases are inconsistent with this holding they are hereby overruled.

In the present case appellee did object and make known his grounds therefore in compliance with the statute.

■ As for Standard's other contention that appellee waived the objection when counsel did not move for a mistrial we also find no merit. In the Bateman case, supra,

which Standard cites for this proposition the trial court sustained the objection. In our case the trial court overruled the objection. It would serve no purpose for appellee to move for a mistrial after his objection has been overruled. Appellee has already called the court's attention to the error and his grounds therefore. To require a motion for mistrial in addition to an objection would be in this instance procedural munitia. The law does not require the performance of a vain and useless act.

Standard further contends that the improper remarks of counsel in the closing argument to the jury were not prejudicial.

■ The rule is well stated in this jurisdiction that the trial court has wide discretion in the granting of a new trial. In Cosden Pipe Line Co. v. Lewis, 190 Okl. 523, 125 P.2d 969 (1942) we held:

"The discretion of the trial court in granting a new trial is so broad that its action in doing so will not be disturbed on appeal unless the record shows clearly that the trial court erred in its view of some pure, unmixed question of law, or acted arbitrarily or capriciously."

See also, Lindsay v. Sikes, 483 P.2d 1141 (Okl.1971); Cox v. Broughton, 428 P.2d 284 (Okl.1967).

■ It is also well settled that when a trial court grants a new trial that it takes a much stronger showing of error or abuse of discretion to reverse than if a party was appealing from a refusal to grant a new trial. Horn v. Sturm, 408 P. 2d 541 (Okl.1965). Thus the Supreme Court will not reverse the decision of a trial court which grants a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred. Meade v. Snapp, 180 Okl. 214, 68 P.2d 771 (1937).

Under these rules we cannot say the improper remarks of counsel to the jury in closing argument were not prejudicial. In his argument to the jury, counsel was telling the jury that the deceased had answered in his application for the insurance poli-

cies that he did not have a disease of the lungs or respiratory system such as emphysema. Counsel then concluded:

"Of course, he had emphysema diagnozed and was under treatment in 1966, a year earlier. * * * Do you suppose the insurance company would have issued these contracts at all if it had been told the truth? Well, apparently, now we know a little more about Shorty. He was pretty good about concealing the truth from his wife, that he had this serious disease, and maybe that's the way he wanted it. And, you might say that that was a mistake, but then the same answer on the other policy on the same day. Then, there is another on November 16. You will see application where he applied to increase the benefits."

Any issue or dispute as to the deceased's answers in the application was strictly a matter of fraud or misrepresentation which were not plead. The overriding effect of these remarks may very well have prejudiced the jury.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.