William R. AUSTIN, Appellee,

v.

Ronald W. COCKINGS, and Bonnie
H. Cockings, Appellants.

No. 74745.

Supreme Court of Oklahoma.

March 8, 1994.

Rodney K. Freed, Shawnee, for appellants.

William R. Burkett, Steven L. Tolson, Hall, Estill, Hardwick, Gable, Golden & Nelson, Frank M. Hagedorn, James J. Proszek, Oklahoma City, for appellee.

SIMMS, Justice:

Defendants Ronald W. Cockings and Bonnie H. Cockings appeal the trial court's order granting the motion for new trial urged by William R. Austin, plaintiff, after the jury returned a verdict for the defendant Cockings in Austin's action for contribution. The new trial motion was granted on the grounds that Austin did not receive a fair trial because of erroneous instructions given to the jury.

The Court of Appeals concluded the error was invited by Austin when he submitted requested jury instructions substantially similar to those given by the trial court. However, the issue of invited error was raised *sua sponte* by the Court of Appeals, and the parties neither briefed nor argued the issue. Nevertheless, the Court of Appeals reversed the order of the trial court and directed the jury verdict to be reinstated. Certiorari was granted to determine whether the trial court erred in granting a new trial. Because we find no error in the trial court's order grant-

ing a new trial, we vacate the opinion of the Court of Appeals and affirm the order of the trial court. The pertinent facts were as follows.

The Cockings and Austin entered into a business venture consisting of two corporations. In order to get started, the corporations borrowed funds from three banks, executing promissory notes and security agreements. In addition, Austin and the Cockings executed guaranty agreements to the banks, personally guaranteeing the notes.

Subsequently the businesses encountered low sales, and Austin relieved Mr. Cockings of his duties as manager of the businesses. When the creditor banks brought foreclosure actions, Austin personally paid the resulting judgments, obtained an assignment from the banks, took possession of all corporate assets, and sold all assets that he could. He then brought this action against the Cockings seeking contribution from them on the basis of the guaranty agreements and the assignments.

The Cockings denied that they were liable to Austin and pleaded affirmative defenses of waiver and fraud. At trial, Austin attempted to remove the affirmative defenses from the jury's consideration arguing insufficient evidence to submit these defenses to the jury.

The trial court denied such request and proceeded to hear argument on the proposed jury instructions. Having failed to remove the issue of fraud from the jury, Austin then submitted a requested jury instruction on fraud. He argued that the instruction proposed by the trial court was erroneous and that his requested instruction stated the law more accurately. The trial court denied Austin's requested instruction.

The jury returned a verdict in favor of the Cockings, and Austin filed motions for judgment notwithstanding the verdict and for new trial. After argument, the trial court denied the motion for judgment notwithstanding the verdict but granted a new trial, entering an order which reads, in pertinent part, as follows:

"The Motion for Judgment Notwithstanding the Verdict is denied, as there was sufficient evidence presented from which the jury could have found wrongful conduct on the part of the Plaintiff to the extent that he should be barred from recovering contribution.

"The Court finds that it gave an erroneous instruction on the defense of fraud, and should not have instructed on the defense of waiver, and that the cumulative effect of these instructions was such as to deny the defendant[1] a fair trial. The motion for new trial is sustained."

The Cockings appealed the trial court's grant of Austin's new trial motion, and the Court of Appeals reversed the order on the grounds of invited error. We need not determine whether the doctrine of invited error applies to this case. Our inquiry goes solely to whether the trial court erred in granting a new trial.

It is well-settled that a trial court has wide discretion in the granting of a new trial. *Fitts v. Standard Life & Accident Insurance Co.*, 522 P.2d 1040 (Okla.1974); *Elmore v. McQuestion*, 423 P.2d 1016 (Okla.1967); *Horn v. Sturm*, 408 P.2d 541 (Okla.1965). The standard of review to be used in such appeals is equally well-settled.

"A motion for new trial is addressed to the sound legal discretion of the trial court, and this Court will indulge every presumption in favor of the correctness of the ruling of the trial judge sustaining such motion, and such an order will not be disturbed on appeal unless the record shows clearly that the court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously." *Y & Y Cab Co. v. Ford*, 207 Okla. 663, 252 P.2d 430, 431 (1953). *See also Elmore, supra;*

This Court has further held that where new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required in order for this Court to reverse than if a party was appealing a refusal to grant a new trial. *Fitts, supra; Elmore, supra, Horn,*

1. Use of the term "defendant" here was obviously a scrivener's error. The trial court must have intended for the sentence to read that the plaintiff, Austin, was denied a fair trial.

*supra.* Hence, the decision of a trial court to grant a new trial will not be reversed "unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred." *Fitts,* 522 P.2d at 1043; *Mead v. Snapp,* 180 Okla. 214, 68 P.2d 771 (1937).

 In granting the motion for new trial, the trial court held that an instruction on the defense of waiver should not have been given. We agree. No evidence was presented to show that Austin voluntarily or intentionally relinquished a known right, and an instruction on waiver was not warranted under the evidence.

 We further agree with the trial court that the instruction given on the defense of fraud was erroneous. The instruction reads:

"You are instructed that in order for the defendants to prevail on their defense of fraud, you must find by clear and convincing evidence that the plaintiff gained advantage over the defendants by *false suggestions* or by suppression of the truth. No definite and invariable rule can be laid down as a general proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. If you find that the plaintiff committed fraud, then your verdict shall be for the defendants." (Emphasis added).

This instruction does not accurately state the law governing fraud in Oklahoma today. This Court has defined fraud as containing the following elements:

"1) a material, false representation, 2) made with the knowledge of its falsity, or recklessly made without knowledge of its truth, and as a positive ascertion[sic]; 3) with the intention that it be relied upon by another; 4) reliance thereon by another party to its injury; and 5) that all elements be proven with a reasonable degree of certainty."

*McDonald v. Humphries,* 810 P.2d 1262, 1267 (Okla.1990). *See also Silver v. Slusher,* 770 P.2d 878, 881 (Okla.1988), *cert. denied,* 493 U.S. 817, 110 S.Ct. 70, 107 L.Ed.2d 37 (1989). Use of the terms "false suggestions" could easily have mislead the jury resulting in an unfair trial for Austin. Therefore, the trial court correctly determined that he gave an erroneous instruction on fraud.

Our review of the record shows no manifest or material error in the trial court's determination that a new trial was warranted. The trial court recognized that the errors which occurred during the trial denied Austin a fair trial, and a new trial was warranted. For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED, the order of the district court granting a new trial is AFFIRMED, and this cause is REMANDED for further proceedings consistent herewith.

LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, SUMMERS and WATT, JJ., concur.

OPALA, and KAUGER, JJ., concur in result.

HODGES, C.J., dissents.