2013 OK CIV APP 1

**Shelly NAULT, as personal representative of the Estate of Trevor J. Nault, Deceased, Plaintiff/Appellee,**

v.

**The BOARD OF COUNTY COMMIS-SIONERS OF CANADIAN COUNTY, Defendant/Appellant.**

**No. 109209.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 13, 2012.

Certiorari Denied Dec. 17, 2012.

---

Fletcher D. Handley, El Reno, Oklahoma, for Appellee.

Andy A. Artus, Oklahoma City, Oklahoma, for Appellant.

LARRY JOPLIN, Vice–Chief Judge.

¶1 The Defendant/Appellant Board of County Commissioners of Canadian County (Board) seeks review of the trial court's order granting a new trial to Plaintiff/ Appellee Shelly Nault, Personal Representative of the Estate of Trevor J. Nault (Nault), in Nault's action for wrongful death of her son, Trevor. In this appeal, Board complains (1) the trial court abused its discretion in granting Nault's motion for a new trial based on the perceived error in instructing the jury on the issue of passenger negligence; (2) an instruction on passenger negligence was required by the Oklahoma Governmental Tort Claims Act (OGTCA); and (3) any error in so instructing was harmless. However, having reviewed the record, we hold the trial court did not err in granting the motion for new trial. The order of the trial court is consequently affirmed.

¶2 On April 15, 2005, Trevor Nault (Passenger) was a passenger in a vehicle driven by a friend, Zac Garrett (Driver), on a rural Canadian County road. At approximately 10:25 p.m., Driver lost control of his vehicle, the vehicle crossed a cattle gate and began to roll. Passenger was ejected from the vehicle and he died at the scene.

¶3 On August 29, 2006, Nault commenced this wrongful death action against the Board. On September 13, 2010, a jury trial commenced. At trial, evidence was presented of the existence or non-existence of a warning sign on the county road, the necessity of a warning sign, the speed limit on county roads in Canadian County, the posting of speed limit signs around Canadian County, the alleged negligence of the Driver, and evidence argued to demonstrate the comparative negligence of Passenger.

¶4 By Instruction No. 16, the trial court instructed the jury on the duty of a passenger "to use ordinary care for [his/her] own safety," including the duty "either caution the driver against the manner of the vehicle's operation or warn the driver of a dangerous condition." [1,2] The jury deliberated for two hours, and returned a verdict in favor of the Board on the pink form, a form that contained no instruction on comparative negligence and was to be used if the jury believed Nault failed to prove the Board's negligence.

¶5 Nault filed a motion for new trial. Nault argued the trial court erred as a matter of law by instructing on the law of passenger comparative negligence when neither party had introduced any evidence even-inferentially demonstrating Passenger's breach of duty. The trial court granted Nault's motion for a new trial, reasoning that the instructions on the duties of a passenger and passenger comparative negligence should not have been given.

¶6 Board appeals and asserts the trial court properly instructed on passenger comparative negligence. Particularly, Board complains the parties introduced evidence to warrant the giving of such an instruction, and the evidence was sufficient to convince the jury that Nault failed to demonstrate the negligence of the Board. Moreover, says Board, the trial court was required to so instruct by the holding of *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449. Last, argues

---

1. *See,* OUJI No. 10.31.

2. The trial court also instructed the jury on the use of color-coded verdict forms in comparative negligence cases. The trial court instructed the jury to use the blue verdict form "[i]f you find that either [Passenger failed to] caution the driver against the manner of the vehicle's operation or warn the driver of a dangerous condition, then you shall use the Blue Verdict Form and find in favor of Plaintiff." Instruction No. 19, OUJI 10.13. The trial court instructed the jury to use the white verdict form "[i] you find that the occurrence was directly caused by the negli-gence of both Defendant Board of County Commissioners of Canadian County and Zac Garrett or the comparative negligence of Trevor Nault, then you shall use the White Verdict Form and you must determine the percentage of each person's negligence." Instruction No. 20, OUJI 9.23 (modified). The trial court instructed the jury to use the pink verdict form "[i]f you find that Plaintiff has failed to prove Defendant, Board of County Commissioners of Canadian County, was negligent, then you shall use the Pink Verdict Form and find in favor of Defendant." Instruction No. 22, OUJI 9.22 (modified).

Board, even if the trial court erred in giving the passenger-comparative negligence instruction, the error was harmless.

¶ 7 Nault responds. Nault argues that after the Supreme Court's holding in *Snyder v. Dominguez,* 2008 OK 53, 202 P.3d 135, proper use of that instruction was limited to circumstances supporting a conclusion that passenger was guilty of failing to warn its driver, circumstances not demonstrated to exist in the present case.

¶ 8 Board's appeal thus frames the issues and posits three questions for our determination. The first is whether the trial court abused its discretion in granting the motion for new trial. The answer to that question turns on the answer to the second question; i.e., whether the trial court properly gave the passenger-negligence instruction, either because the evidence arguably demonstrated some passenger negligence, or because the OGTCA required the giving of that instruction.

▮ ¶ 9 Generally speaking, "[i]t is the trial court's duty 'to give instructions which accurately reflect the law . . .' [,] [and] [f]undamental error occurs when the trial court does not accurately instruct on the law." *B–Star, Inc. v. Polyone Corp.,* 2005 OK 8, ¶ 23, 114 P.3d 1082, 1087. That is:

> When reviewing jury instructions, the standard of review requires the consideration of the accuracy of the statement of law as well as the applicability of the instructions to the issues. The instructions are considered as a whole. When the trial court submits a case to the jury under proper instructions on its fundamental issues and a judgment within the issues and supported by competent evidence is rendered in accord with the verdict, the judgment will not be reversed for refusal to give additional or more detailed instructions requested by the losing party, if it does not appear probable that the refusal has resulted in a miscarriage of justice or substantial violation of constitutional or statutory rights. A judgment will not be disturbed because of allegedly erroneous instructions, unless it appears reasonably certain that the jury was misled thereby. The test of reversible error in instructions

is whether the jury was misled to the extent of rendering a different verdict than it would have rendered, if the alleged errors had not occurred.

*Johnson v. Ford Motor Co.,* 2002 OK 24, ¶ 16, 45 P.3d 86, 92.

▮ ¶ 10 Furthermore, a trial court possesses broad discretion to grant or deny a motion for new trial. *Austin v. Cockings,* 1994 OK 29, ¶ 9, 871 P.2d 33, 34. Normally, this Court will indulge every presumption in favor of the correctness of the ruling of the trial judge in granting a motion for new trial and such order will not be reversed on appeal unless the record clearly shows the trial court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously. *Austin,* 1994 OK 29, ¶ 9, 871 P.2d 33, 34.

▮ ¶ 11 And, when the new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required than if the party was appealing a refusal to grant a new trial. *Fitts v. Standard Life and Accident Insurance Co.,* 1974 OK 60, ¶¶ 27–28, 522 P.2d 1040, 1043. A decision to grant a new trial will not be reversed unless it is shown beyond all reasonable doubt the trial court materially and manifestly erred. *Id.*

¶ 12 Under the OGTCA:

> The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state.

51 O.S. § 153(A). As an exception to this rule of general liability, however:

> The state or a political subdivision shall not be liable if a loss or claim results from:. . . . Absence, condition, location or malfunction of any traffic or road sign, signal or warning device unless the absence, condition, location or malfunction is not corrected by the state or political subdivision responsible within a reasonable time after actual or constructive notice or

the removal or destruction of such signs, signals or warning devices by third parties, action of weather elements or as a result of traffic collision except on failure of the state or political subdivision to correct the same within a reasonable time after actual or constructive notice. Nothing herein shall give rise to liability arising from the failure of the state or any political subdivision to initially place any of the above signs, signals or warning devices. The signs, signals and warning devices referred to herein are those used in connection with hazards normally connected with the use of roadways or public ways and do not apply to the duty to warn of special defects such as excavations or roadway obstructions;
. . .

51 O.S. § 155(15). And, in matters of comparative negligence:

The liability of the state or political subdivision under The Governmental Tort Claims Act shall be several from that of any other person or entity, and the state or political subdivision shall only be liable for that percentage of total damages that corresponds to its percentage of total negligence.

51 O.S. § 154(G).

¶ 13 In this respect, the parties cite two cases which, they say, touch on the issues of this appeal. In *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, plaintiffs suffered minor injuries in a collision with police car, and, although a jury returned a verdict adjudicating the City of Tulsa 51% negligent, the trial court entered judgment against the City for more than its proportionate percentage of negligence. In accord with § 154(E) of title 51, O.S. Supp.1984,[3] the Supreme Court held that under the OGTCA, "the political subdivision is liable only for that percentage of damages caused by its own negligence," and "should pay only for the proportionate share of damages corresponding to [the] political subdivision's negligence." *Fuller*, 1987 OK 64, ¶ 9, 741 P.2d at 454.

¶ 14 In *Snyder v. Dominguez*, 2008 OK 53, 202 P.3d 135, plaintiff sought damages for wrongful death, and defendant requested a jury instruction on the contributory negligence of the passenger in the car, which the trial court gave in spite of no direct proof of the passenger's negligence. On appeal, the Supreme Court reversed, holding that, in the "complete absence of direct evidence that the passenger was negligent," or circumstances from which negligence might be inferred, the trial court erred in instructing on passenger negligence. *Snyder*, 2008 OK 53, ¶ 17, 202 P.3d at 140.

■ ¶ 15 The Board contends that the trial court was required by *Fuller* and the OGTCA to instruct the jury on the comparative negligence of the Passenger in order to correctly apportion the liability of the Board. We disagree.

■ ¶ 16 That is, and while § 154(G) of the OGTCA indeed limits the liability of a political subdivision to "the proportionate share of damages corresponding to [the] political subdivision's negligence," it does not create a governmental exception to the requirement that there must be some evidence of comparative negligence to justify an instruction on comparative negligence, and, absent direct or indirect evidence of comparative negligence, a comparative negligence instruction should not be given. *Snyder*, 2008 OK 53, ¶ 17, 202 P.3d at 140.

■ ¶ 17 Furthermore, in Oklahoma, "[a] passenger's contributory negligence can take the form of active negligence," so, "when a teen-aged driver lost control of his car, the passengers were contributorily negligent because they had been drinking heavily, had teased the newly-licensed designated driver about his cautious driving, and had urged him to drive at high speeds through a neighborhood with winding roads." *Snyder*, 2008 OK 53, ¶ 10, 202 P.3d at 139. "A passenger also may be negligent by failing to act when the circumstances require action," so, "[a]lthough a passenger's mere presence in a vehicle is not sufficient to create an issue of contributory negligence, the circumstances may support a reasonable inference that the passenger should have cautioned the driver about the driver's operation of the vehicle or about other dangerous conditions," and "[i]f

---

3. *Now see*, 51 O.S. Supp 2003 § 154(G).

the evidence supports any inference that the passenger should have warned the driver under the circumstances, then the trial judge must instruct the jury on the issue." *Snyder*, 2008 OK 53, ¶ 11, 202 P.3d at 139.

¶ 18 In the present case, Board introduced neither direct evidence of passenger negligence, nor circumstantial evidence from which passenger negligence might be inferred. That is to say, Board's evidence only demonstrated occurrence of the accident at the time and place it happened, and Board introduced no evidence of any conditions that "warranted a heightened level of responsibility" on passenger, or "a preexisting condition" or "an intervening change of condition" of sufficient significance to place a reasonable passenger on alert, or of the passenger's contributory negligence. *Snyder*, 2008 OK 53, ¶ 21, 202 P.3d at 141.

¶ 19 The best witnesses to what happened in the passenger compartment of the vehicle prior to the accident were not available to testify: Passenger was killed and Driver was not called. There is no way of knowing what the Decedent did or did not do immediately before the accident. In this evidentiary vacuum, any inference of negligence would be wholly speculative and insufficient to warrant a passenger negligence instruction. *Snyder*, 2008 OK 53, ¶ 17, 202 P.3d at 140.

¶ 20 We consequently hold the trial court erred in instructing on passenger comparative negligence. Having so held, and unless the giving of the passenger negligence instruction constituted only harmless error, we would further hold the trial court did not err in granting the motion for new trial.

¶ 21 Under the harmless error doctrine:

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

20 O.S. § 3001.1. In this respect, we are convinced that the giving of an instruction on an issue having no direct or indirect evidentiary support can have no other effect but to inject into the controversy the possibility of speculation and confusion. The jury's return of a pink verdict form suggests a failure to prove Board's negligence, but there was evidence adduced which would take Board outside the protection of the § 155(15) signage exception. The trial court was clearly concerned about the potentially prejudical effect of the instruction on passenger negligence and, given the lack of direct or indirect evidence of any passenger negligence, we believe the trial court's concern was well-founded. We hold the giving of the passenger negligence instruction, absent evidentiary support, was not harmless.

¶ 22 We hold the trial court erred in giving the passenger negligence instruction absent evidentiary support, and consequently did not err in granting the motion for new trial for misinstruction of the jury. The misinstruction was not harmless. The order of the trial court granting Passenger's motion for a new trial is affirmed.

¶ 23 AFFIRMED.

BUETTNER, P.J., concurs in result, and GOREE, J., concurs.