1999 OK CIV APP 122

**STATE of Oklahoma, ex rel. DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**Phillip W. WATKINS and Billie A. Watkins, husband and wife; Mortgage Clearing Corporation; Billy Eugene Morehead and Barbara June Morehead, husband and wife; Bank of Commerce, an Oklahoma Banking corporation; and the Mayes County Treasurer, Appellees.**

**Nos. 91,439, 91,443.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 21, 1999.

Kelly F. Monaghan, Holloway & Monaghan, Tulsa, Oklahoma, for appellant.

K. Ellis Ritchie, Pryor, Oklahoma, for appellees Watkins.

Randall Elliott Pryor, Oklahoma, for appellees Morehead.

REIF, J.

¶1 Appeal No. 91,439 and appeal No. 91,443 arise from two condemnation proceedings brought by the Oklahoma Department of Transportation to acquire right-of-way in Mayes County for State Highway 20. Each appeal concerns an order overruling exceptions made by the Department to the report of commissioners filed in each case. The trial court consolidated the exceptions in each case for hearing and decision. In view of the common issues presented and the common hearing record, we have consolidated these appeals for decision in a single opinion. Supreme Court Rule 1.27(c) and (d), 12 O.S.Supp.1998, Ch. 15, App. 1.[1]

¶2 The Department sought a supplemental commissioners' report in each case on the ground that the landowners in each respec-

---

1. In appeal No. 91,439, the landowners have reurged dismissal of the appeal on the ground that an order overruling exceptions to the report of commissioners is not an appealable order. The supreme court denied a pre-assignment mo- tion to dismiss and did not reserve this issue for this court to reconsider. Accordingly, this court cannot pass on that issue. *LCR, Inc. v. Linwood Properties*, 1996 OK 73, ¶¶ 4–8, 918 P.2d 1388, 1391–92.

tive case failed to meet with the commissioners, or to otherwise inform the commissioners of certain damages that the landowners were claiming as the result of the condemnation. The Department contended that the damages in question were not apparent from inspection, and their omission resulted in the commissioners making an appraisal in each case that was less than fair market-based just compensation. The Department argued that *City of Oklahoma City v. Garnett,* 1956 OK 137, 296 P.2d 766, approves supplemental appraisals by commissioners where something material is omitted from their initial appraisal. Landowners objected to a supplemental appraisal on the grounds that (1) they were under no obligation to meet with the commissioners or otherwise inform them of damages they were claiming, and (2) the commissioners had followed the court's instructions which had been approved by both parties.

¶ 3 The following excerpt from the record summarizes the respective positions of the parties:

[COUNSEL FOR THE LANDOWNERS]: And there's no dispute that *the instructions were authored and prepared and submitted to these commissioners by the Department of Transportation after having been approved by me,* there's no controversy as to that either, at least none has been raised?

THE COURT: I think that's probably correct, isn't it. . . .

[COUNSEL FOR THE DEPARTMENT]: Yes, yes, sir.

. . . .

[COUNSEL FOR THE DEPARTMENT]: But, Judge, I think if, if you look at what is the purpose of sending the commissioners out, the purpose is to arrive at just compensation and that purpose is only accomplished if the commissioners are given complete information.

Now *the department makes an effort to completely advise the commissioners* as to where the boundaries are going to be, what the road is going to look like. *There has to be an obligation on the property owner to likewise come forward,* . . . because the purpose of the commissioners'

award is an effort to avoid a jury trial to insure that that property owner is justly compensated.

. . . .

[COUNSEL FOR THE LANDOWNERS]: Your Honor, very briefly, *the Department of Transportation was fully advised of the position of my client* in this case, and *if they felt it was important to, for the commissioners to be so advised, they could have disclosed it* . . . .

Now, *if it was important* for the Department of Transportation in their mind *that the commissioners know that, they had that information, they could have given that information.* Now, I think we've done all the law requires us to do, Judge.

(Emphasis added.)

¶ 4 The trial court expressed agreement with the landowners' position and overruled the Department's exceptions and request for a supplemental appraisal.

 ¶ 5 There is considerable merit to the Department's general proposition. The commissioners should be informed of the damages that the landowners are claiming they will sustain by reason of condemnation and which the landowners would ask a jury to consider in the event the landowners believe the commissioners' award is insufficient compensation. The commissioners' award is an important measure to avoid jury trial and a factor in determining a party's entitlement to attorney fees and litigation expenses. If the landowners do not wish to meet with the commissioners at the time of their inspection of the property, then, the landowners should disclose any damages they are claiming by reason of the condemnation, and which may not be apparent from inspection, so that such damages can be included in the instructions given the commissioners.

¶ 6 In the instant case, however, we agree that the landowners did not "lay behind the log" by withholding information concerning their claimed damages. The record reflects that the omission of information about the landowners' claimed damages from the court's instructions to the commissioners

was probably due to the mutual oversight of counsel for both parties.

■ ¶ 7 To prevent future deficiencies in commissioner appraisals, we hold that both the condemnor and the landowners bear an equal burden to see to it that the instructions to the commissioners contain all the necessary information, and are otherwise sufficiently framed, to allow the commissioners to perform their statutory duties. The commissioners must be provided sufficient information to "consider the injury which the owner may sustain by reason of the condemnation, and ... assess ... the just compensation for the property taken, and the amount of injury done to the property, either directly or indirectly." 69 O.S.1991 § 1203(c).

■ ¶ 8 In any event, the need for a supplemental or new commissioners' appraisal should not be decided by assessing the relative fault of the parties for not providing the commissioners with all the necessary information to perform their statutory duty. A supplemental appraisal should be ordered "as right and justice may require ... on good cause shown." 69 O.S.1991 § 1203(e)(1).

■ ¶ 9 In support of its request for supplemental appraisals in each case, the Department made the following offer of proof:

> [COUNSEL FOR THE DEPARTMENT]: Comes now the Department [and] makes the following offer of proof, that if the Department were allowed to call, in these few cases, the commissioners, specifically in the Moorehead [sic] case which is CJ-98-23, Mr. Carl Lewis, and in the Watkins case, Mr. Harold Dunham, that each of these individuals would testify that at the time they inspected the property that [neither] the property owner nor any representative of the property owner were present.

At that time they were not advised by any property owner or representative as to any damages or injury which that particular person believed at that time that they might suffer as a result of this condemnation project.

That each of these individuals would testify that in their opinion that that information is important, that information is material in order to arrive at an amount of just compensation which adequately reflects the value of the property taken as well as any damages to the remainder.

The Department would further submit that it has under subpoena the property owners in both of these cases and that if allowed to be called and testified in this case that they would testify that at the time the commissioners inspected the property that they were of the opinion that certain damages would be sustained by them as a result of this taking, that some of those damages for example the loss of the tenant would not be readily apparent from a central physical inspection of that property.

We would respectfully request that the Court accept that offer of proof and reconsider its ruling. Thank you, Your Honor.

¶ 10 In view of the foregoing record, it is reasonably clear that the landowners were claiming damages which may have not been apparent upon inspection and which the commissioners needed to know in order to "consider the injury which the owner may sustain by reason of the condemnation, and ... assess ... just compensation for the property taken, and the amount of injury done to the property, either directly or indirectly." 69 O.S.1991 § 1203(c). The Department's offer of proof established "good cause" for a new or supplemental appraisal in each case and this court holds that it would be just and right to order a new or supplement appraisal by the commissioners.[2]

---

**2.** Even though we hold that the trial court erred in not ordering new or supplemental appraisals, in doing so, we realize that the trial court did not have the benefit of the interpretation of the law that this opinion has given. We also note that the emphasis in the argument before the trial court was on the relative fault of the parties for not providing information to the commissioners. In such instances, if one party appears more at fault, there is a natural and logical tendency for "right and justice" to weigh against granting such party relief. If the decision at hand had involved a purely discretionary call, this court would not disturb the trial court's decision. However, this decision also involves the legal standard of good cause, and where that standard is met, fault is due less weight, and right and just favor a new or supplemental appraisal. This is

¶ 11 REVERSED AND REMANDED WITH DIRECTIONS TO ORDER A NEW COMMISSIONERS' REPORT IN EACH CASE.

BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.

particularly true where the good cause is based on the fact that the commissioners did not have the necessary information to perform their statutory duties. We believe the trial court "erred" only in not giving the good cause more weight, vis-à-vis, the commissioners' statutory duties.