2007 OK CIV APP 25

STATE of Oklahoma, ex rel. DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Appellee,

v.

Davis KELLY and Anne Kelly, Defen-
dants/Appellants, Roy Elmer Kelly and
Callie Kelly Family Living Trust, both
deceased, their known and unknown
heirs, executors, administrators, lega-
tees, devisees, trustees, creditors and as-
signs; Davis R. Kelly and Roma Lee
Cox, Co–Trustees; and the LeFlore
County Treasurer, Defendants.

No. 102,566.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Sept. 15, 2006.

Rehearing Denied Dec. 22, 2006.

Certiorari Denied March 12, 2007.

Ryan M. Roberts, K. Ellis Ritchie, Pryor, OK, for Defendant/Appellant.

Barry K. Roberts, Norman, OK, and Belva Brooks Barber, Tulsa, OK, for Plaintiff/Appellee.

LARRY JOPLIN, Judge.

¶ 1 This appeal arises out of a condemnation proceeding initiated by The Oklahoma Department of Transportation to acquire land, including landowners' home. Relief is sought by landowners from an order of the trial court directing them to (1) include Replacement Housing Payments as an integral part of any award of just compensation made by the commissioners, and (2) place specific dollar values on each element of damage attributed to the state's taking and provide same to the assessing commissioners. Be-

cause we agree with appellants, the order of the trial court is reversed and the cause remanded for further proceedings.

¶2 State of Oklahoma/Department of Transportation (State) initiated condemnation proceedings to acquire from Defendant/Appellant Davis Kelly and Anne Kelly (Landowners) a tract of land for construction of a highway improvement project funded, in part, with federal monies. The trial court appointed commissioners to inspect the property and assess the amount of just compensation to Landowners as a result of the State's taking. The court issued instructions to aid the commissioners in the performance of their duties. Over objections raised by Landowners, the trial court issued supplemental instructions directing the commissioners to consider Landowners entitlement to replacement housing payments, made available through state and federal relocation acts, in their compensation award, and requiring Landowners to place dollar values on each element of damages claimed.

¶3 The commissioners filed their report, with exceptions being entered by both parties. Following argument, the trial court overruled Landowners' objection to the inclusion of replacement housing payments in the state condemnation proceedings and sustained state's motion for the commissioners to issue a supplemental report following receipt of landowners' dollar-specific claim for damages. Landowners appeal.

■■■■ ¶4 In this appeal, the review requires an interpretation of federal and state statutory provisions, as well as the interplay of the relevant provisions of those acts with the principles of state eminent domain. Statutory interpretation raises a legal question which is subject to a de novo standard of review. *Fulsom v. Fulsom,* 2003 OK 96, ¶2, 81 P.3d 652, 654. An appellate court is endowed with plenary, independent and non-deferential authority to re-examine a trial court's legal rulings. *Kluver v. Weatherford Hospital Authority,* 1993 OK 85, ¶14, 859 P.2d 1081, 1084.

¶5 Landowners urge reversal of the trial court's order including Replacement Housing Payments (RHPs) as an element of just compensation, arguing that RHPs fall outside the scope of benefits eligible for recovery in eminent domain. The State urges affirmance of the trial court's order, claiming that RHPs are essentially a moving expense and must be included as an element of any compensation.

■■■■ ¶6 Landowners are "displaced persons" as defined by the Federal Uniform Relocation Assistance Act, 42 U.S.C. § 4601 et seq., and used in Oklahoma's corresponding assistance act, 63 O.S. § 1092.1 et seq. (relocation acts), the Oklahoma act providing a state-law basis for the payment of relocation benefits and other assistance required under federal law for projects receiving federal funds. The relocation acts were not created to either add to, or subtract from, any element of a landowner's claim for just compensation to which they are entitled under state law:

> (B) Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain any element of value or damage not in existence immediately prior to January 2, 1971.

42 U.S.C. § 4602(b); 63 O.S. § 1098. The primacy of the states' power of eminent domain is further confirmed in the federal act:

> (B) Comparable payments under other laws. *No payments or assistance under this title or title III of this Act shall be required* to be made to any person or included as a program or project cost under this section, if such person receives a payment required by Federal, State, or local law which is determined by the head of the Federal agency to have substantially the same purpose and effect as such payments under this section.

42 U.S.C. § 4631(b). (Emphasis supplied). The relocation acts were not enacted to usurp the states' obligation to provide just compensation for property taken for public good.

¶7 Whether RHPs fall within the scope of landowners' entitlement to just compensation in a condemnation proceeding must be determined by Oklahoma law. Article II, § 24 of The Oklahoma Constitution provides:

Private property shall not be taken or damaged for public use without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. . . .

■ ¶ 8 In calculating a landowner's entitlement to recovery for the loss of property attributed to a taking, the Court has separated the constitutional provision into two essential components which constitute the value of landowner's award of just compensation. The components are: (1) The market value of the property actually taken, and (2) damages to the remaining property not taken. *Williams Natural Gas Co. v. Perkins,* 1997 OK 72, 952 P.2d 483. As used in this calculus, property means "not only real estate held in fee, but also easements, personal property and every valuable interest which can be enjoyed and recognized as property." *State ex. rel. Dept. of Transportation v. Little,* 2004 OK 74, ¶ 22, 100 P.3d 707, 718; *Graham v. City of Duncan,* 1960 OK 149, ¶ 18, 354 P.2d 458, 461. Landowners may recover compensation for either direct and consequential harm for property taken or damaged by way of either a direct or indirect taking. *Driver v. Oklahoma Turnpike Authority,* 1959 OK 88, 343 P.2d 1079. It is entirely appropriate to require the condemnor to pay the condemnee the reasonable cost of moving personalty from the condemned property and setting it up in another location. *Little* at ¶ 22; 100 P.3d at 718; *Oil Fields & Santa Fe Railway Co. v. Treese Cotton Co.,* 1920 OK 56, 187 P. 201.

¶ 9 The State urges us to consider RHPs as analogous to moving expenses and, therefore, a required element for consideration in a condemnation proceeding. In this respect, the Oklahoma Supreme Court has determined moving expense and other related costs of transporting personalty from the property constituted an element of damage to the property itself, finding that "when the necessity exists for the removal of property from lands taken in a condemnation proceeding, the reasonable cost of removal is a proper element of damages. . . ." *Id* at ¶ 20; *Oil Fields & Santa Fe Railway Co. v. Treese Cotton Co.,* 1920 OK 56 ¶ 5, 187 P. 201, 203

(footnote omitted). And the Court determined that moving and related expenses have always been an element of recovery in Oklahoma condemnation actions.

■ ¶ 10 RHPs, on the other hand, are benefits available to qualifying landowners when obtaining replacement housing. Monies available under the relocation acts for this purpose include compensation for increased interest and debt service related to financing of a new residence, evidence of title, recording fees and other closing costs incident to its purchase and market differential payments based upon the cost of acquisition. 42 U.S.C. § 4623.

■ ¶ 11 RHPs have never been a proper element of just compensation in eminent proceedings in Oklahoma. Indeed, this benefit would be unavailable under the relocation acts pursuant to the following:

Any payment made or to be made pursuant to the authority granted in this section shall be for compensating or reimbursing the displaced person or owner of real property in accordance with the requirements of the Federal Uniform Relocation Act *and such payment shall not for any purpose be deemed or considered compensation for real property acquired or compensation for damages to remaining property.*

63 O.S. § 1092.2(b). (Emphasis supplied.) Because relocation housing payments are not recoverable in an eminent domain action, the trial court erred in directing the inclusion of RHPs as proper for consideration in awarding landowners just compensation.

¶ 12 Landowners further argue the trial court infringed upon the commissioners' statutorily imposed status as impartial decision makers in requiring Landowners to place dollar values for each element of their damage claim at this stage of the condemnation proceedings. Landowners assert that portion of the trial court's order directing the disclosure of damages in monetary terms also conflicts with language contained in both the original and supplemental instructions prohibiting the commissioners from discussing offers and counter-offers made by the respective parties.

■ ¶ 13 Condemnation proceedings, initiated for the purpose of exercising the sovereign right of eminent domain, are special statutory proceedings and are to be carried out in accordance with the specific procedures prescribed by the Legislature. *Graham v. City of Duncan,* 1960 OK 149, 354 P.2d 458. Once sworn, the commissioners are obligated to "inspect the real property and consider the injury which the owners may sustain by reason of the condemnation, and ... assess the just compensation to which the owner is entitled; ... reporting in writing to the clerk of the court, setting forth the quantity, boundaries and just compensation for the property taken". 69 O.S.Supp. § 1203(c). The statute is silent as to any duty or obligation placed upon either the landowner or the state at this stage of the proceedings.

■ ¶ 14 However, the Court of Civil Appeals has determined that a shared burden exists between the condemnor and condemnee "to see to it that the instructions to the commissioners contain all necessary information, and are otherwise sufficiently framed, to allow the commissioners to perform their statutory duties." *State ex.rel. Department of Transportation v. Watkins,* 1999 OK CIV APP 122 ¶ 7, 993 P.2d 144, 147. The Court determined it incumbent upon the landowners to disclose information about potential claims, including that attributable to the loss of a tenant, "... which may not have been apparent upon inspection and which the commissioners needed to know in order to consider the injury ... and ... assess ...

just compensation." *Id* at ¶ 10, 993 P.2d at 147. The duty of disclosure placed upon the parties in *Watkins* is intended to *supplement* the commissioners' statutory obligation to assess the property by providing information regarding elements of damage not available to the commissioners during their own inspection of the property.

■ ¶ 15 The parties cite, and we find no authority, to support State's contention that the requirement of disclosure can in any meaningful way be construed as requiring the parties to place a dollar value on their demands. To do as the State argues would be to allow the *parties'* assessment of the property, made on their own volition or developed through the process of negotiation, to stand as a substitute to the duty placed upon the commissioners. The trial court erred in requiring Landowners to assign specific dollar amounts for each item of damages sought.

¶ 16 Therefore, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

¶ 17 REVERSED AND REMANDED.

BELL, P.J., concurs, and HANSEN, J., concurs in result.