OSCN Found Document:INDEPENDENT SCHOOL DIST. NO. 5 OF TULSA COUNTY v. TAYLOR

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 INDEPENDENT SCHOOL DIST. NO. 5 OF TULSA COUNTY v. TAYLOR
2014 OK CIV APP 40
Case Number: 110709
Decided: 11/27/2013
Mandate Issued: 04/29/2014
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2014 OK CIV APP 40, __ P.3d __

INDEPENDENT SCHOOL DISTRICT NO. 5 OF TULSA COUNTY, OKLAHOMA, Plaintiff/Appellee,
v.
PATRICK L. TAYLOR and MARSHALETA TAYLOR, husband and wife, Defendants/Appellants,
and
COMMUNICATION FEDERAL CREDIT UNION, BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY, and DENNIS J. SEMLER, as Treasurer of Tulsa County, State of Oklahoma, Defendants.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY, OKLAHOMA

HONORABLE MARY F. FITZGERALD, TRIAL JUDGE

REVERSED WITH DIRECTIONS

Roger K. Eldredge, LADNER LITTLE & ELDREDGE, Tulsa, Oklahoma, for Plaintiff/Appellee
Robert J. Nichols, Brian A. Curthoys, NICHOLS & CURTHOYS, Tulsa, Oklahoma, for Defendants/Appellants

DEBORAH B. BARNES, VICE-CHIEF JUDGE:

¶1 This appeal arises from a condemnation case that proceeded to a jury trial. Defendants/Appellants Patrick L. and Marshaleta Taylor, husband and wife (Landowners), appeal the trial court's Order granting the motion for new trial of Plaintiff/Appellee Independent School District No. 5 of Tulsa County, Oklahoma (Condemnor). The primary question presented on appeal is whether the trial court erred in granting Condemnor's motion for new trial because of an alleged error in admitting certain evidence at trial that was neither presented to nor considered by the commissioners. For the reasons set forth below, we answer this question in the affirmative, and reverse the Order with directions to the trial court to reinstate the judgment memorializing the jury's verdict.

BACKGROUND

¶2 In September 2007, Condemnor filed a petition to condemn an approximately 12-acre tract of property owned by Landowners (the Property) for public school purposes.[1] The trial court appointed commissioners and instructed them to inspect the Property to determine the just compensation for the taking.[2] The commissioners were also instructed as follows:

When examining [the Property], it is proper for you to have with you [Condemnor], [Landowners], the parties' counsel and/or any of the parties' agents and/or employees in order to give them an opportunity to explain the boundaries and other features of the [P]roperty that they desire to tell you about. The parties may also provide you with written materials regarding the [P]roperty and their views as to its value.[3]

Nevertheless, the parties agree that neither Landowners nor Condemnor submitted any specific information to the commissioners regarding potential billboard lease income that might increase the value of the Property.

¶3 In their report filed on May 28, 2008, the commissioners determined the amount of just compensation to be $1,402,850. Within sixty days, Landowners filed a demand for a jury trial.

¶4 Prior to trial, in September 2008, Landowners filed a motion requesting the trial court to direct the commissioners to file a supplemental report to allow Landowners to present their billboard lease damage claim to the commissioners.[4] Condemnor objected to this motion arguing, among other things, that it was not timely filed within thirty days of the May 2008 commissioners' report, and the trial court denied Landowners' motion. Condemnor then filed a motion in limine to prohibit Landowners from offering any evidence or argument at trial related to billboard lease damages. Condemnor's motion in limine was denied by the trial court.

¶5 Among other evidence presented at trial regarding the just compensation for the taking of the Property, Don Wilson, a real estate appraiser, testified on behalf of Landowners that the value of the Property is $2,645,000, plus an additional billboard lease value of $1,000,000, for a total value of $3,645,000.[5] The jury returned a verdict of $3,100,000, and the judgment memorializing the jury's verdict was filed in July 2011.[6]

¶6 Condemnor filed a motion for new trial, and a hearing was held in March 2012. At the hearing, counsel for Condemnor argued "the billboard-related damages should have never been presented to the jury because those damages were not presented to the [c]ommissioners."[7] He asserted not only that the billboard-related damages were never presented to the commissioners by the parties, but "that the [c]ommissioners never considered . . . billboard-related damages when valuing the [P]roperty."[8] In support, he cited to the affidavit of Larry Kelley, one of the three commissioners appointed by the court, wherein Kelley states, among other things, that the commissioners "did not consider to the best of my recollection the value of any potential billboard lease rights when determining the fair market value of the [P]roperty . . . ."[9]

¶7 The trial court granted the Condemnor's motion for new trial in the Order filed on April 20, 2012. The Order states as follows:

1. [Landowners] never presented anything to the [c]ommissioners related to their damage claim for the loss of billboard lease rentals.

2. The [c]ommissioners did not consider the value of any potential billboard lease rights when determining the fair market value of the [P]roperty at issue in this case.

3. After the Commissioners' Report was filed, the Court denied . . . Landowners' motion asking the Court to direct the [c]ommissioners to file a Supplemental Commissioners' Report in order to allow . . . Landowners to present their billboard damage claim to the [c]ommissioners and have the [c]ommissioners consider that claim when valuing the [P]roperty that is the subject of this condemnation action.

4. The Commissioners' Report as originally filed was confirmed by the Court.

5. However, . . . Landowners were later permitted to present evidence and arguments to the jury in the trial of this matter related to their damage claim for the loss of billboard lease rentals. Such evidence and arguments were submitted to the jury after the Court denied [Condemnor's] motion in limine to exclude such evidence and arguments, and after the Court denied [Condemnor's] continuous objections to such evidence and arguments.

6. The Court erred in permitting the jury to consider evidence and arguments related to . . . Landowners' claimed billboard damages because that element of damages was never presented to or considered by the [c]ommissioners.

7. The Court's error was not harmless given that . . . Landowners sought to be awarded $1,000,000 in connection with their billboard rental damage claim, and the jury's $3,100,000 verdict was clearly influenced by . . . Landowners' evidence and arguments related to their billboard damage claim.

8. [Condemnor] is entitled to a new trial because of this error.

9. The Court does not have jurisdiction to direct the [c]ommissioners to file a Supplemental Commissioners' Report to now consider . . . Landowners' billboard damage claim.

10. Upon re-trial, . . . Landowners shall be barred from presenting any evidence, argument and/or other matter related to their claimed billboard damages.

¶8 From the Order granting Condemnor's motion for new trial, Landowners appeal.

standard of review

¶9 A trial court is vested with wide discretion on whether to grant a new trial. Propst v. Alexander, 1995 OK 57, ¶ 8, 898 P.2d 141, 144. The district court's decision on a motion for new trial is reviewed for an abuse of discretion. Capshaw v. Gulf Ins. Co., 2005 OK 5, ¶ 7, 107 P.3d 595, 600. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Spencer v. Okla. Gas & Elec. Co., 2007 OK 76, ¶ 13, 171 P.3d 890, 895 (footnote and emphasis omitted). "Because a trial court's discretion is broad [in ruling on a motion for new trial,] its ruling will not be disturbed by the reviewing tribunal in the absence of a clear showing of a manifest error or abuse of discretion with respect to a pure, simple and unmixed material question of law." Capshaw, ¶ 7, 107 P.3d at 600 (footnote omitted). If a "new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required in order for this Court to reverse than if a party was appealing a refusal to grant a new trial." Austin v. Cockings, 1994 OK 29, ¶ 10, 871 P.2d 33, 34 (citations omitted).

¶10 An issue of statutory construction is a question of law, subject to de novo review and over which appellate courts exercise plenary, independent and non-deferential authority. State ex rel. Dep't of Transp. v. Minor, 2009 OK CIV APP 83, ¶ 7, 221 P.3d 141, 144. See also Stump v. Cheek, 2007 OK 97, ¶ 9, 179 P.3d 606, 609. The goal of statutory construction is to follow the intent of the legislature. Hess v. Excise Bd. of McCurtain Cnty., 1985 OK 28, ¶ 6, 698 P.2d 930, 932.

¶11 Regarding a trial court's determination to admit and exclude evidence, the Oklahoma Supreme Court has stated:

Under the Oklahoma Evidence Code, the trial court stands as a gatekeeper, admitting or excluding evidence based on the judge's assessment of its relevance and reliability. All relevant evidence is admissible, unless the trial court determines that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise. A trial court has discretion in deciding whether proffered evidence is relevant and, if so, whether it should be admitted, and a judgment will not be reversed based on a trial judge's ruling to admit or exclude evidence absent a clear abuse of discretion.

Myers v. Mo. Pac. R.R. Co., 2002 OK 60, ¶ 36, 52 P.3d 1014, 1033 (footnotes and internal quotation marks omitted). An abuse of discretion occurs when a trial court bases its decision on an erroneous conclusion of law, or where there is no rational basis in the evidence for the ruling. Christian v. Gray, 2003 OK 10, ¶ 43, 65 P.3d 591, 608.[10]

ANALYSIS

¶12 The fundamental issue presented is whether, in this condemnation proceeding, the trial court erred by admitting evidence at the jury trial that was neither presented to, nor considered by, the commissioners.

¶13 We must first address Condemnor's argument, however, that Landowners have raised arguments and authorities on appeal pertinent to this issue that they did not raise before the trial court. The Oklahoma Supreme Court has consistently invoked 12 O.S.2011 § 991(b) to restrict the appellate issues to those raised in a motion for new trial. See Slagell v. Slagell, 2000 OK 5, ¶¶ 7-8, 995 P.2d 1141, 1142; Horizons, Inc. v. Keo Leasing Co., 1984 OK 24, ¶ 6, 681 P.2d 757, 759. See also Bowles v. Goss, 2013 OK CIV APP 76, ¶ 9, 309 P.3d 150, 155. Section 991(b) provides, "If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted." (Emphasis added.) Of course, Condemnor, not Landowners, filed the motion for new trial in this case, and, therefore, Landowners are not limited in the appeal to the issues raised in Condemnor's motion. Furthermore, the fundamental issue on appeal was clearly raised before the trial court.[11]

I. Statutory Procedure for Condemnation Proceedings

¶14 Condemnation is a "special proceeding" for which "the legislature has passed special statutes for the just and orderly functioning of the court when hearing these special proceedings. The procedural requirements set forth for condemnation cases in the statutes are reasonable and must be complied with." State ex rel. Dep't of Transp. v. Perdue, 2008 OK 103, ¶ 9, 204 P.3d at 1282 (footnotes omitted). See also Bd. of Cnty. Comm'rs of Creek Cnty. v. Casteel, 1974 OK 31, ¶ 15, 522 P.2d 608, 610 ("Condemnation proceedings are special proceedings and must be carried out in accordance with legislatively prescribed procedure.") (emphasis added).

¶15 The statutorily prescribed procedure is as follows:

Condemnation proceedings are begun by one party filing a petition in district court to appoint a commission made up of three disinterested landowners to determine the amount of just compensation. The commission is to inspect the property, assess the just compensation due the landowner, and file a report of its findings with the clerk of the district court. When the condemnor has paid the amount of just compensation set by the commission into the court, the condemnor may enter the property. The date of the condemnor's payment into the court is deemed the date of taking.

If either party objects to the findings of the commission, the party may file an exception to the report of the commissioners or a request for jury trial. An exception to the report of the commissioners must be filed within thirty days after the filing of the commissioners' report, and the court must confirm or reject the report, or if good cause is shown, order a new report from the commission. A request for jury trial must be filed within sixty days after the filing of the commissioners' report, and the amount of just compensation is then set by a jury in a trial conducted in the same manner as other civil actions. Only a demand for jury trial will raise the issue of damages, and only an objection to the report of the commissioners will raise the issue of the necessity of the taking.

Perdue, ¶¶ 9-10, 204 P.3d at 1282-84 (footnotes omitted).[12]

¶16 There is nothing in the statutory procedure preventing evidence relevant to the determination of just compensation from being presented at the jury trial just because it was neither presented to nor considered by the commissioners. The statutory procedure does not require the parties or, in particular, the landowner, to provide the commissioners with information, nor does it limit the jury trial to a review of the information provided to and/or considered by the commissioners. Rather, regarding the preparation of the commissioners' report, the statutory procedure places the duty on the commissioners to "inspect said real property and consider the injury which said owner may sustain by reason of the condemnation and [the commissioners] shall assess the just compensation to which said owner is entitled . . . ." 66 O.S.2011 § 53. "The commissioners inspect the property and file a report which includes their assessment of the amount of just compensation due the landowner for the property taken." State ex rel. Dep't of Transp. v. Cole, 2009 OK 40, ¶ 11, 236 P.3d 49, 51-52 (emphasis added, citations omitted).[13] Either party may then file an exception to the commissioners' report within thirty days, or a demand for jury trial within sixty days of the commissioners' report being filed. Id. ¶ 12, 236 P.3d at 52.

¶17 In reaching our conclusion that the jury trial is not limited to the information that was provided to the commissioners by the parties, and/or to the information that was considered by the commissioners, we are guided by the truism that "[t]he taking of property accomplished by eminent domain is regarded as being a forced sale. The owner is forced into the matter." Graham v. City of Duncan, 1960 OK 149, ¶ 21, 354 P.2d 458, 462. Moreover, we are guided by the principle that "eminent domain provisions and statutes must be strictly construed in the landowner's favor and against the condemnor," and "all presumptions must favor the landowner, not the condemnor." Cole, ¶ 9, 236 P.3d at 51 (citation omitted). We are also "mindful of the critical importance of the protection of individual private property rights as recognized by the framers of both the U.S. Constitution and the Oklahoma Constitution." Bd. of Cnty. Comm'rs of Muskogee Cnty. v. Lowery, 2006 OK 31, ¶ 11, 136 P.3d 639, 647.

¶18 Even more important to our analysis, "it is the Oklahoma Legislature which determines the condemnation procedures for effectuating the right to a jury trial," Cole, ¶ 10, 236 P.3d at 51, and, as stated above, condemnation proceedings "must be carried out in accordance with legislatively prescribed procedure," Casteel, ¶ 15, 522 P.2d at 610. However, a rule limiting the jury trial to information provided to and/or considered by the commissioners does not exist in the applicable statutory procedure, nor is such a rule consistent with the controlling constitutional and statutory provisions. That is, "the Oklahoma Constitution provides a landowner with the absolute right to a jury trial on the question of damages in a condemnation proceeding," Cole, ¶ 10, 236 P.3d at 51, and the statutes provide that if a party timely files a demand for a jury trial, "the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court," 66 O.S.2011 § 55.[14] Neither the applicable constitutional nor statutory law limits the evidence a landowner may present to a jury.

¶19 Finally, "where a demand is made for a jury trial in a condemnation proceeding, the award made by the commissioners is not competent evidence to go before the jury," Okla. Tpk. Auth. v. Daniel, 1965 OK 7, ¶ 5, 398 P.2d 515, 516-17 (citation omitted), and once judgment is entered, the jury's verdict supersedes the commissioners' award, and it is "of no moment" whether the commissioners were properly instructed, see Owens v. Okla. Tpk. Auth., 1954 OK 345, ¶ 10, 283 P.2d 827, 831 ("Since the Commissioners' award was superseded by the jury verdict, it is of no moment whether the court erred in appointing and instructing the new commissioners or not."); State ex rel. Dept. of Transp. v. Mehta, 2008 OK CIV APP 25, ¶ 24, 180 P.3d 1214, 1220 ("[The Oklahoma Department of Transportation's] exception challenging the apportioning of the [commissioners'] award became immaterial and moot upon the parties' demands for jury trial. The Commissioners' award will no longer be relevant when superseded by the jury's verdict.").[15]

¶20 Condemnor argues it is critical the commissioners consider the same damage elements as the jury because, otherwise, the ten-percent rule - that if a jury's award exceeds the commissioners' award by at least ten percent, the landowner is entitled to reasonable attorney, appraisal, engineering, and expert witness fees actually incurred - is unfair. However, the applicable statute grants the trial court discretion to award these fees, and such an award is not mandatory:

[I]f the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding.

66 O.S.2011 § 55(D) (emphasis added).[16] Consequently, the trial court may determine an award of such fees to be inappropriate where a landowner strategically withholds inconspicuous damage elements from the commissioners but presents those damage elements at a subsequent jury trial.[17]

¶21 Condemnor quotes the following statement from State ex rel. Dep't of Transp. v. Watkins, 1999 OK CIV APP 122, 993 P.2d 144, to support its argument that landowners must disclose to the commissioners any damages they are claiming or forfeit the ability to present those damages at trial:

The commissioners should be informed of the damages that the landowners are claiming they will sustain by reason of condemnation and which the landowners would ask a jury to consider in the event the landowners believe the commissioners' award is insufficient compensation. The commissioners' award is an important measure to avoid jury trial and a factor in determining a party's entitlement to attorney fees and litigation expenses. If the landowners do not wish to meet with the commissioners at the time of their inspection of the property, then, the landowners should disclose any damages they are claiming by reason of the condemnation, and which may not be apparent from inspection, so that such damages can be included in the instructions given the commissioners.

Id. ¶ 5, 993 P.2d at 146.

¶22 However, the Watkins Court did not confront the issue of whether information that is not disclosed to the commissioners is barred from a subsequent jury trial. Rather, the Watkins Court was confronted with an appeal from an order overruling a condemnor's timely filed exception to a commissioners' report and request for a supplemental appraisal.[18] On appeal, this Court admonished the parties against withholding known information relevant to the valuation of the property from the commissioners, but acknowledged that, "[i]n any event, the need for a supplemental or new commissioners' appraisal should not be decided by assessing the relative fault of the parties for not providing the commissioners with all the necessary information to perform their statutory duty." Id. ¶ 8, 993 P.2d at 147. This Court concluded the condemnor had established "good cause" for a new or supplemental appraisal and reversed the trial court and remanded with directions to order a new commissioners' report. Id. ¶ 10, 993 P.2d at 147.

¶23 Regarding Watkins, the Oklahoma Supreme Court has stated, in pertinent part, as follows:

[The condemnor] would have us adopt the reasoning of the Court of Civil Appeals in . . . Watkins . . . . It must first be stated that opinions released for publication by order of the Court of Civil Appeals are persuasive only and lack precedential effect. . . . [Furthermore,] Watkins does not stand for the proposition forwarded by [the condemnor], nor does it conflict with our holding in the instant cause.

Perdue, ¶ 14 n.22, 204 P.3d at 1284-85 n.22 (citations omitted). The same is true here. Consequently, we conclude the trial court erred as a matter of law by finding it erroneously "permitt[ed] the jury to consider evidence and arguments related to the Landowners' claimed billboard damages because that element of damages was never presented to or considered by the [c]ommissioners."

II. Other Arguments Advanced by Condemnor in its Motion for New Trial

¶24 Condemnor argues the Order should be affirmed on a separate basis raised below in its motion for new trial: that the trial court allowed numerous unaccepted offer letters related to billboard leases to be admitted into evidence over Condemnor's objection.[19] Condemnor admits the amounts set forth in these offer letters were redacted. Nevertheless, Condemnor argues the admission of these redacted offer letters constitutes an independent basis for affirming the Order because "[i]t is well-settled under Oklahoma law that values in condemnation cases cannot be based upon mere expressions of interest or unaccepted offers . . . ."[20]

¶25 Although "[e]vidence of unaccepted offers to purchase is generally held to be inadmissible for the purpose of establishing market value regardless of whether testified to by the offeror or the offeree," McAlester Urban Renewal Auth. v. Watts, 1973 OK 120, ¶ 7, 516 P.2d 261, 263, the purpose of this general rule is to exclude "[p]rivate offers [which] can be multiplied to any extent for the purpose of a cause, and the bad faith in which they were made would be difficult to prove," id. ¶ 9, 516 P.2d at 263 (citation omitted). We conclude that any error that may have occurred as a result of admitting unaccepted offers was prevented by the trial court's decision to redact the amounts of the offers, and to only admit them "to substantiate the fact that [Landowners] received letters and there was interest in the property for billboard purposes."[21] Therefore, we conclude the trial court did not clearly abuse its discretion in this regard.[22]

CONCLUSION

¶26 Based on our review of the record on appeal and applicable law, we conclude the issue of whether the trial court erred by admitting certain evidence at trial that was neither presented to nor considered by the commissioners was properly raised at the trial court level and on appeal, and is, therefore, properly before this Court. We further conclude the trial court did not err by admitting evidence neither presented to nor considered by the commissioners because a rule limiting the jury trial in a condemnation proceeding to information provided to and/or considered by the commissioners does not exist in the applicable statutory procedure, nor is such a rule consistent with the controlling constitutional and statutory provisions. Moreover, where a demand is made for a jury trial in a condemnation proceeding, the award made by the commissioners is not competent evidence to go before the jury, and once the judgment is entered memorializing the jury's verdict, the verdict supersedes the commissioners' award, and it is of no moment whether the commissioners were properly instructed. Finally, we conclude the trial court did not abuse its discretion by allowing redacted offer letters related to billboard leases to be admitted into evidence. Therefore, we reverse the Order granting a new trial with directions to the trial court to reinstate the judgment memorializing the jury's verdict.

¶27 REVERSED WITH DIRECTIONS.

FISCHER, P.J., and WISEMAN, J., concur.

FOOTNOTES

[1] Condemnor filed an amended petition in November 2007, and a second amended petition in February 2008. The second amended petition states that "[t]he acquisition of the Property is necessary to accommodate the growth in the number of students within the district and to provide for the expansion of the Jenks School District facilities, including parking and recreational areas." R. at 69, ¶ 3. It further states that in February 2008, "the Jenks School District adopted a second resolution legally determining and declaring the necessity of taking, appropriating, condemning and acquiring the Property for public school purposes. The purpose of the second resolution is to address certain claimed Agenda deficiencies that [Landowners] claimed invalidated the first resolution." R. at 69, ¶ 7.

[2] R. at 80-81. The commissioners were instructed that the amount of just compensation equals the fair market value of the Property, except for any mineral interests. R. at 74. Private property shall not be taken for public use without just compensation. Okla. Const. art. 2, § 24.

[3] R. at 74.

[4] Landowners had previously filed an objection to the commissioners' report, in June 2008, on the basis of certain alleged procedural defects. However, Landowners did not set forth the issue of billboard lease damages in that objection.

[5] Tr. vol. II at 214, 335.

[6] The July 2011 judgment states "[t]he Commissioners' Report previously valued the land at $1,402,850.00"; Condemnor deposited this amount with the Tulsa County Court Clerk in July 2008, and it was then distributed to Landowners; and "[Landowners] are therefore entitled to a judgment in their favor and against [Condemnor] in the amount of $1,697,150.00, which represents the difference between the verdict amount and the amount of the Commissioners' Award previously paid by [Condemnor]." R. at 358-59.

[7] March 2012 Tr. at 3.

[8] March 2012 Tr. at 4.

[9] R. at 539. Counsel for Condemnor further argued at the hearing that "it makes perfect sense" to prevent evidence that was not presented to or considered by the commissioners from being presented to the jury because if a jury's award exceeds the commissioners' award by at least ten percent, the landowner is entitled to reasonable attorney, appraisal, engineering, and expert witness fees actually incurred. March 6, 2012 Tr. at 3. See State ex rel. Dep't of Transp. v. Perdue, 2008 OK 103, ¶ 3, 204 P.3d 1279, 1280. He argued that "it's critical that the [c]ommissioners and the jury [consider] the same damage elements. That's the only way to make that ten percent rule fair."

[10] However, even where a trial court errs in admitting or excluding evidence, no judgment shall be reversed or affected by reason of any error or defect in the proceedings which does not affect the substantial rights of the adverse party, 12 O.S.2011 § 78, and only "[w]hen a party is prevented from having a fair trial as a result of an error which materially affects the substantial rights of the party [is] a new trial . . . required," Taliaferro v. Shahsavari, 2006 OK 96, ¶ 13, 154 P.3d 1240, 1244 (footnote omitted). See also 12 O.S.2011 § 2104(A). "Reversible error has been held to be an error that creates a probability of change in the outcome of the lawsuit." Taliaferro, ¶ 13, 154 P.3d at 1244 (footnote omitted).

[11] See R. at 362, 371-73. We note that the parties also argued the issue at the March 2012 hearing. Among other things, counsel for Landowners argued at the hearing that the cases upon which Condemnor relied to support its argument that the trial court erred by admitting evidence at trial neither presented to nor considered by the commissioners "both deal solely with appeals from overruling exceptions to commissioner reports" and neither "went to a jury trial . . . ." March 2012 Tr. at 14. Counsel for Landowners also argued, citing the Syllabus of City of Oklahoma City v. Garnett, 1956 OK 137, ¶ 0, 296 P.2d 766, 766, that the appraisal by the commissioners in a condemnation proceeding where there is a demand for jury trial "is unimportant after the amount of the damages is fixed by the jury." March 2012 Tr. at 13. "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of the governing law." Keota Mills & Elevator v. Gamble, 2010 OK 12, ¶ 19, 243 P.3d 1156, 1162 (footnote omitted).

[12] The statutory provisions pertinent to this appeal are as follows:

C. The commissioners shall be sworn to perform their duties impartially and justly; and they shall inspect said real property and consider the injury which said owner may sustain by reason of the condemnation and they shall assess the just compensation to which said owner is entitled; and they shall forthwith make report in writing to the clerk of the court, setting forth the quantity, boundaries, and just compensation for the property taken, and amount of injury done to the property, either directly or indirectly, which they assess to the owner; which report must be filed and recorded by the clerk. . . .

D. "Just compensation," as used in subsection C of this section, shall mean the value of the property taken . . . .
66 O.S.2011 § 53.

When possession is taken of property condemned, as provided herein, the owner shall be entitled to the immediate receipt of the compensation awarded, without prejudice to the right of either party to prosecute further proceedings for the judicial determination of the sufficiency or insufficiency of said compensation.
66 O.S.2011 § 54.

(A) . . . [E]ither party may within sixty (60) days after the filing of [the commissioners'] report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taxed against him.
. . . .
(D) . . . [I]f the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.
66 O.S.2011 § 55.

[13] We note that "[f]or land taken by [the Oklahoma Department of Transportation], condemnation proceedings are governed by [69 O.S.2011 § 1203]." Cole, ¶ 10, 236 P.3d at 51. However, the condemnation procedures set out in 66 O.S.2011 §§ 53-55, which apply in this case, "are substantially the same as those set out in [69 O.S.2011 § 1203]." Cole, ¶ 10 n.3, 236 P.3d at 51 n.3.

[14] We note that it is "not uncommon" in condemnation proceedings for evidence affecting the value of the property to not be presented to or considered by the commissioners. See Perdue, ¶ 17, 204 P.3d at 1285.

[15] In this regard, we note that the commissioners' report is not one of the three pleadings - petition, objection to the commissioners' report, and demand for jury trial - authorized in condemnation proceedings. See Casteel, ¶ 15, 522 P.2d at 610.

[16] "Statutory words are to be understood in their ordinary sense, except when a contrary intention plainly appears." Hess, 1985 OK 28, ¶ 6, 698 P.2d at 932 (footnote omitted). The "ordinary meaning" of the word "'may' . . . signifies permissive rather than mandatory action." Id. ¶ 8, 698 P.2d at 933.

[17] We note that, in this case, even if the jury had awarded Landowners the amount they requested minus billboard damages, such an award would, nevertheless, have exceeded the award of the commissioners by at least ten percent.

[18] The Watkins Court actually addressed two consolidated appeals. Id. ¶ 1, 993 P.2d at 145.

[19] Condemnor raised this issue before the trial court in its motion for new trial and at the March 2012 hearing.

[20] Answer Brief at 29.

[21] Tr. vol. II at 313.

[22] Condemnor argues that the jury was nevertheless:
certainly led to and inclined to speculate as to the dollar amounts that were redacted in the unaccepted post-taking offer letters . . . when [Marshaleta] Taylor testified over [Condemnor's] objection that she relied upon the offer letters when reaching her opinion as to the value of the lost billboard income.

Answer Brief at 30. However, the trial court ruled that Landowners could not reveal the values in the letters, Tr. vol. II at 314, and, apart from Marshaleta Taylor basing her valuation of the Property, in part, on the viability of billboard leases, the values in the letters were never disclosed to the jury.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2008 OK CIV APP 25, 180 P.3d 1214, STATE ex rel. DEPT. OF TRANSPORTATION v. MEHTA
Discussed 2009 OK CIV APP 83, 221 P.3d 141, STATE ex rel. DEPT. OF TRANSPORTATION v. MINOR
Discussed 2013 OK CIV APP 76, 309 P.3d 150, BOWLES v. GOSS
Discussed 1999 OK CIV APP 122, 993 P.2d 144, 70 OBJ 3797, State ex. rel. Dept. of Transportation v. Watkins
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1994 OK 29, 871 P.2d 33, 65 OBJ 964, Austin v. Cockings
Discussed 1954 OK 345, 283 P.2d 827, OWENS v. OKLAHOMA TURNPIKE AUTHORITY
Discussed 1956 OK 137, 296 P.2d 766, CITY OF OKLAHOMA CITY v. GARNETT
Discussed 1960 OK 149, 354 P.2d 458, GRAHAM v. CITY OF DUNCAN
Discussed 1965 OK 7, 398 P.2d 515, OKLAHOMA TURNPIKE AUTHORITY v. DANIEL
Discussed 2002 OK 60, 52 P.3d 1014, MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed 1995 OK 57, 898 P.2d 141, 66 OBJ 1839, Propst v. Alexander
Discussed 1973 OK 120, 516 P.2d 261, McALESTER URBAN RENEWAL AUTHORITY v. WATTS
Discussed 1974 OK 31, 522 P.2d 608, BOARD OF COUNTY COM'RS OF CREEK COUNTY v. CASTEEL
Discussed 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed 2005 OK 5, 107 P.3d 595, CAPSHAW v. GULF INSURANCE COMPANY
Discussed 2006 OK 31, 136 P.3d 639, BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY v. LOWERY
Discussed 2006 OK 96, 154 P.3d 1240, TALIAFERRO v. SHAHSAVARI
Discussed 2007 OK 76, 171 P.3d 890, SPENCER v. OKLAHOMA GAS & ELECTRIC COMPANY
Discussed 2007 OK 97, 179 P.3d 606, STUMP v. CHEEK
Discussed 2008 OK 103, 204 P.3d 1279, STATE ex rel. DEPT. OF TRANSPORTATION v. PERDUE
Discussed at Length 2009 OK 40, 236 P.3d 49, STATE ex rel. DEPARTMENT OF TRANSPORTATION v. COLE
Discussed 2010 OK 12, 243 P.3d 1156, KEOTA MILLS & ELEVATOR v. GAMBLE
Discussed 2000 OK 5, 995 P.2d 1141, 71 OBJ 398, Slagell v. Slagell
Discussed 1984 OK 24, 681 P.2d 757, Horizons, Inc. v. Keo Leasing Co.
Discussed 1985 OK 28, 698 P.2d 930, Hess v. Excise Bd. of McCurtain County
Discussed at Length
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 78, Court to Disregard Insignificant Errors
Cited 12 O.S. 991, Right to Perfect Appeal to Supreme Court without Filing Motion for New Trial - Exemption
Cited 12 O.S. 2104, Rulings on Evidence
Cited
Title 66. Railroads Cite
Name
Level 66 O.S. 53, Taking by Eminent Domain - Commissioners - Appointment and Proceedings - Right to Construct Road
Discussed 66 O.S. 54, Taking by Eminent Domain - Owner Entitled to Compensation, When
Cited 66 O.S. 55, Review of Commissioner's Report - Jury Trial - Notice - Costs
Discussed at Length
Title 69. Roads, Bridges, and Ferries Cite
Name
Level 69 O.S. 1203, Acquisition of Lands or Interests by Purchase, Donation, or Condemnation
Discussed